UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MACK MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-00121-SNLJ |
| | ) |
| UNKNOWN SCHOTT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Mack Mitchell brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. The matter is now before the Court upon his for leave to proceed without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $36.20. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will order Plaintiff to file an amended complaint.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff is a pretrial detainee at Ste. Genevieve Detention Center in Ste. Genevieve, Missouri. ECF No. 1. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $181.02, and an average monthly balance of $135.48 over the six-month period prior to case initiation. ECF No. 8. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $36.20, which is twenty percent of Plaintiff's average monthly deposits. *See* 28 U.S.C. § 1915(b)(1).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of

2

a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On June 30, 2025, Plaintiff filed the instant action against (1) Unknown Schott; (2) Unknown Goggins; (3) Unknown Schmitt; (4) J. Prest; (5) Ste. Genevieve County; (6) Ste. Genevieve County Sheriff's Department; and (7) Ste. Genevieve County Jail. Plaintiff sues defendants in both their individual and official capacities. ECF No. 1. The first four defendants are all employees of Ste. Genevieve County Detention Center. Plaintiff's complaint contains two completely unrelated issues.[1] First, he writes that on June 7, 2025, he was attacked by another

---

[1] After filing his complaint, Plaintiff has filed several motions seeking to add defendants or seeking to amend or supplement his complaint. *See* ECF Nos. 7, 9, 11, 13, 14, 15. One of these motions seeks to add an entirely new

3

detainee in his pod who was HIV positive. *Id.* at 14. Plaintiff says he was punched, bitten, and scratched for nearly 5 minutes without any officers coming to his aid. *Id*. He alleges he complained to several officers, including Defendant Prest, who took his complaint but did not take further action. *Id*. The attacker was removed from the pod the next day. *Id.* at 15. Plaintiff claims he requested an HIV test multiple times and was denied. *Id.* at 15. Plaintiff also requested mental health services which were also denied. *Id*. The complaint does not state which, if any, of the defendants denied these requests. He alleges Defendants Schmitt and Prest "dissuaded" Plaintiff from filing criminal charges against the inmate who attacked him. *Id*.

Plaintiff describes physical damages which included bite and scratch marks. *Id*. at 5. He also claims to have suffered psychological trauma due to his possible exposure to HIV. *Id*. For relief, Plaintiff requests over $4 million in actual damages and another $5 million in punitive damages. *Id*.

Plaintiff then describes his second and unrelated claim. He states that he received a few pieces of legal mail while at the Ste. Genevieve Detention Center. Staff members "presented the legal mail to the Plaintiff, then opened and copied the mail, giving the Plaintiff the copies." *Id.* at 22. Staff then asked Plaintiff if he wanted the originals shredded or placed in his property, and he asked for them to be shredded. *Id.* at 21-22. The staff members then left the area with the originals, out of the sight of Plaintiff. *Id*.

Plaintiff does not specifically describe how these actions regarding the legal mail harmed him but states the mail policies "violated access to the court, attorney client privilege, and violated the 1st and 14th Amendments of the United States Constitution for free speech and due

---

claim including facts that have arisen after the original complaint was filed. ECF No. 14. These motions will be addressed in the Discussion section below.

process infringements respectively." *Id.* at 23. He further does not identify any specific defendant in his statement of facts, and instead only refers to "staff." *Id.* at 21-23.

For relief, Plaintiff requests declaratory judgment, in which the Court declares that the defendants have violated Plaintiff's rights. *Id.* at 23. He also asks for injunctive relief by ordering the defendants to "employ other methods of contraband interception that do not interfere with Plaintiff's rights." *Id*. He further asks for compensatory damages in the amount of at least $1 million for "unnecessarily compromising the integrity of Plaintiff's defense." *Id*. Finally, Plaintiff requests the dismissal of his current criminal charges. *Id*.

## Discussion

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court concludes that his claims are subject to dismissal. However, in consideration of Plaintiff's self-represented status, the Court will allow him to file an amended complaint.

To the extent Plaintiff is attempting to bring a policy or custom claim against Ste. Genevieve County, he has failed to do so. Although a municipality or local governing body may be sued, to do so a plaintiff must allege an unconstitutional policy, custom or a deliberately indifferent failure to train or supervise. *See Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978); *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff has failed to allege that his mail was unlawfully handled because of an official Ste. Genevieve County policy, an unofficial Ste. Genevieve County custom or a deliberate failure to train a specific official at Ste. Genevieve County. Accordingly, he has not stated a *Monell* violation against Ste. Genevieve County.

Plaintiff's claims against the Ste. Genevieve County jail and St. Genevieve Sheriff's Office are subject to dismissal as these entities are not suable under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

As to the other defendants in this case, Plaintiff fails to allege facts that show how any of these defendants is causally linked to and directly responsible for violating his rights, which is fatal to his claims for relief against them. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Regarding Defendant Schott and Defendant Goggins, Plaintiff merely lists these individuals as defendants without alleging, with any specificity, that they did anything to violate his rights. Defendant Schmitt is only alleged to have "dissuaded" Plaintiff from filing criminal charges against the inmate who attacked him. Defendant Prest also dissuaded Plaintiff from filing criminal charges against the attacking inmate and took Plaintiff's complaint about the incident. These facts do not show a causal link between the defendants and a violation of Plaintiff's rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief may be granted as to these defendants. *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction

6

to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Further, Plaintiff presents a complaint involving two unrelated claims and requests for relief against seven defendants. Plaintiff's attempt to bring such unrelated claims against unrelated defendants is improper. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and states as follows:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and (B) *any question of law or fact common to all defendants will arise in the action*.

Rule 20(a), Fed. R. Civ. P. (emphasis added).

Under this Rule, a plaintiff cannot join in a single lawsuit a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees — for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.* In the instant complaint, Plaintiff's claim regarding his legal mail is unrelated to his claim that he was attacked by another detainee.

7

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Rule 18(a), Fed. R. Civ. P. Under this Rule, multiple claims may be asserted if Plaintiff sues a *single* defendant.

Last, the Court notes that Plaintiff has attempted to amend his complaint by interlineation to add a new cause of action and several defendants in this action. The Court does not accept amendments by interlineation (*i.e.*, by adding language to the pending complaint) because it creates confusion in the record, especially for the responding party. Letters or supplements are not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure. Consequently, the Court does not accept amendments to the complaint through supplements, declarations, notices, or other piecemeal amendments. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). As such, Plaintiff's motions to add defendants (ECF Nos. 7, 9, and 11) and motions to supplement or amend the complaint (ECF Nos. 13-15) will be denied.

Because Plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. The Court will deny Plaintiff's motion to have the United States Marshal's Service effectuate service on the original complaint (ECF No. 8) as Plaintiff is expected to amend his complaint. He must follow the instructions set forth below when amending his complaint.

**Instructions for Amending the Complaint**

An amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print the amended complaint on the Court's Civil Rights Complaint Form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). Plaintiff will not be allowed to supplement his complaint by interlineation or supplementation. The Court expects all of Plaintiff's claims to be within his amended complaint.

Plaintiff must select the transaction or occurrence he wishes to pursue and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed *in forma pauperis*.

Plaintiff must prepare the amended complaint using the Court-provided form and must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the form complaint, Plaintiff must write the name of the defendant(s) he wishes to sue. It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is warned that he cannot seek dismissal of pending criminal charges as relief in an action brought under § 1983. Although a plaintiff in a § 1983 action may seek money damages for civil rights violations relating to his conditions of confinement, he may not seek expungement or vacatur of his criminal charges or conviction. If a plaintiff is seeking release from confinement, challenges to the fact or duration of confinement are properly sought under a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). When Plaintiff files his amended complaint in this matter, he should only seek relief that is cognizable in a § 1983 action.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established

that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed without prepayment of the required filing fees and costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $36.20 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion to add defendants (ECF No. 7) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to add party (ECF Nos. 9 and 11) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend/correct complaint (ECF Nos. 13 and 15) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement complaint (ECF No. 14) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for service of his complaint by the United States Marshal's Service (ECF No. 8) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Memorandum and Order, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 10th day of October, 2025.

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE