**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

MACK MITCHELL,                              )
                                           )
              Plaintiff,                    )
                                           )
       v.                                   )        Case No. 1:25-cv-00121-SNLJ
                                           )
UNKNOWN SCHOTT, et al.,                     )
                                           )
              Defendants.                   )

**MEMORANDUM AND ORDER**

The matter is before the Court upon self-represented Plaintiff Mack Mitchell's amended complaint. Plaintiff had previously been granted *in forma pauperis* status, thus the Court must review his amended complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss for failure to state a claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the

veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

On June 30, 2025, Plaintiff filed the original complaint against several employees of the Ste. Genevieve Detention Center, as well as against the Ste. Genevieve County jail, Ste. Genevieve County, and Ste. Genevieve County Sherriff's Department. ECF No. 1. Plaintiff's complaint contained two completely unrelated issues. First, he alleged that he was attacked by another detainee in his unit who was HIV positive. *Id.* at 14. Plaintiff says he was punched, bitten, and scratched for nearly 5 minutes without any officers coming to his aid. *Id*. He alleges he complained to several officers about potential HIV exposure, but no one provided him

medical aid. *Id*. The attacker was not removed from the pod until the next day. *Id.* at 15. Plaintiff claimed he requested an HIV test multiple times and was denied. *Id.* at 15. Plaintiff also requested mental health services which were also denied. *Id*.

Plaintiff then described his second and unrelated claim regarding his legal mail being improperly handled. Plaintiff attempted to add several claims and defendants through supplements after he filed his original complaint. (*See* ECF Nos. 7, 9, 11, 13-15).

On October 10, 2025, this Court determined that Plaintiff's complaint was subject to dismissal. ECF No. 16. However, because Plaintiff was proceeding pro se, the Court granted him an opportunity to amend his complaint. The Court gave Plaintiff several specific instructions for filing an amended complaint, including that Plaintiff was required to plead specific facts regarding each defendant, and state his claims in a simple, concise and direct manner. *Id*. at 9. The Court made clear that Plaintiff was required to show how each defendant was responsible for the harm alleged. *Id*. Plaintiff was given 30 days to file an amended complaint in compliance with the Court's order. The Court also granted Plaintiff's application to proceed without prepayment of fees and costs.

**The Amended Complaint**

Plaintiff filed his amended complaint on November 3, 2025. ECF No. 17. The amended complaint removes Ste. Genevieve County jail and Ste. Genevieve County Sherriff's Department, while adding several other staff of the jail as defendants. The amended complaint is limited to Plaintiff's exposure to HIV on June 6, 2025.

Plaintiff states an HIV positive inmate was moved into his unit with other federal pretrial detainees sometime in May 2025. *Id*. at 14. On June 7, 2025, Plaintiff claims he was attacked by

3

the HIV positive inmate. *Id*. He describes being scratched, bitten, and punched. *Id*. He said the HIV positive inmate had "a busted lip" during the encounter. *Id*.

Plaintiff alleges Defendant P. Keener came onto the unit after the attack and told everyone to calm down. *Id*. at 15. Though Plaintiff advised Keener he had been attacked, Keener took no action at the time. *Id*. A few minutes later, Plaintiff reported what happened to Defendants J. Prest and J. Crump. *Id*. They advised Plaintiff that the HIV positive inmate was "locked down and to leave it alone." *Id*. Plaintiff also claims Prest and Crump threatened him with lockdown if he pursued criminal charges against the HIV positive inmate. *Id*. at 16.

Over the next few days, Plaintiff reported his concern about contracting HIV to Defendants M. Tubbs, C. Schmitt, and Major Schott. *Id*. at 16-17. No immediate medical treatment was given. *Id*. On June 17, 2025, Plaintiff presented to Defendants Emily and Winkler, both nurses. *Id*. They observed Plaintiff's bite and scratch marks and informed him there was nothing for them to do. *Id*. They stated a doctor would have to order an HIV test. *Id*.

Plaintiff states that he filled out a statement and turned it into Defendant Gary Stolzer, but "nothing was done regarding Plaintiff's exposure to HIV." *Id*. at 18. Plaintiff also alleges Ste. Genevieve County Jail put Plaintiff at substantial risk by putting an inmate who was HIV positive in the unit with other inmates. *Id*. He states the defendants lack of medical treatment following the incident amounts to deliberate indifference of his "serious life-threatening need of medical attention." *Id*. Plaintiff does advise that he had his blood test done on October 17, 2025, but he did not have the results at the time he filed the amended complaint. *Id*. at 19. He has not filed any supplements with the results of the test. *Id*.

For injuries, Plaintiff claims the defendants "inflicted unnecessary and wanton infliction of pain, and worrying of dying, including emotional suffering and psychological trauma." *Id*. at

4

4. For relief he requests $3 million for the emotional trauma of his exposure to HIV. *Id*. at 5. He asks for an additional $2.5 million from each defendant. *Id*. He seeks an additional $10 million in punitive damages.

## Discussion

Having carefully reviewed and liberally construed Plaintiff's allegations, and for the reasons discussed below, the Court must dismiss Plaintiff's claims.

### 1. No deliberate indifference as to the bite

At all relevant times, Plaintiff was a pretrial detainee, so his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). However, the Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006). *See also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (stating that a pretrial detainee has the same rights to medical care under the due process clause as an inmate has under the Eighth Amendment).

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials knew of and disregarded that need.

5

*Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, a plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

With regard to the objective prong, a "serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). As to the subjective prong, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). In other words, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). *See also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the arrestee's health").

Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). *See also Davis v. Buchanan County, Missouri*, 11 F.4[th] 604, 624 (8th Cir. 2021). However, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). "[T]he failure to treat a medical condition does not constitute

6

punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996).

Plaintiff does not allege that he had a diagnosis from a doctor that required medical treatment. Thus, he must prove that being bitten by an HIV positive inmate who had a bloody lip resulted in an objectively serious medical need so obvious that even a layperson would easily recognize the necessity of medical attention, and the defendants were aware of this serious medical need but failed to act.

According to the CDC, most people become infected with HIV through unprotected sexual intercourse and sharing needles or other drug injection equipment with someone who is HIV positive. *How HIV Spreads*, Ctrs. for Disease Control, https://www.cdc.gov/hiv/causes/index.html (last accessed March 2, 2026). There is little to no risk of getting HIV from a bite. *Id*. Saliva does not carry the HIV virus. *Id*. According to the CDC, the small number of documented cases of bites resulting in an HIV infection have involved "severe bite trauma with extensive tissue damage and the presence of blood." *Id*.

Plaintiff does not argue that he suffered a severe bite with extensive tissue damage. Though he alleges the bite broke his skin, he does not state that it caused him to bleed. Plaintiff does not even argue that his bite wound needed medical treatment – his sole concern in his complaint is his potential exposure to HIV, not any physical damage from the bite.

It cannot be said that Plaintiff suffered from an objectively serious medical under such circumstances. While Plaintiff may believe that he suffered a substantial exposure to HIV, his subjective belief does not satisfy the objective standard. Therefore, Plaintiff has failed to meet his burden that the defendants were deliberately indifferent to a serious medical need.

## 2.  No liability as to Ste. Genevieve County

Plaintiff alleges Ste. Genevieve County jail created "a substantial risk of the spread and exposure of life threatening diseases" by placing an HIV positive inmate into his unit. ECF No. 17 at 18. He also states that it is unknown if there is a policy regarding HIV exposure, but if there is, it was not followed.

To establish liability of Ste. Genevieve County, Plaintiff must show a constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff has not alleged any policy, custom, or failure to train as it relates to placing an HIV positive inmate into a unit with non-HIV positive inmates. Further, though he states the mere placement of the HIV positive inmate in his unit created a substantial risk of the spread of HIV, this is not supported by the facts. The risks associated with having HIV-positive prisoners in the general population do not necessarily violate other prisoners' Eighth Amendment rights. *Robbins v. Clarke*, 946 F.2d 1331, 1334 (8th Cir. 1991). Plaintiff offers no risk of exposure to HIV other than a single incident where the HIV positive inmate attacked him. He does not suggest the HIV positive inmate had ever been violent before, nor does he identify any other potential exposure risk. Thus, Plaintiff has not shown any constitutional violation occurred by the inmate's placement in his unit.

Plaintiff also cannot establish a constitutional violation from his alleged HIV exposure. Plaintiff admits that less than one month after the incident, staff took him to the lab for blood

8

testing. While there, he was told it was too soon to do the test, and he would need to come back in a few months. Again, staff did bring him back a few months later to do the test. Plaintiff has not shown this chain of events amounts to a constitutional violation, and so he cannot establish liability against Ste. Genevieve County.

### 3.  No First Amendment retaliation liability

Plaintiff argues that Defendants Prest and Crump threatened him with lockdown if Plaintiff pursued criminal charges against the HIV positive inmate. Even if this did amount to a constitutional violation, an action pursuant to 42 U.S.C. § 1983 is a tort claim, and a plaintiff must suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Plaintiff has not alleged any injury or harm as to the alleged threats from Prest and Crump. Plaintiff does not reveal whether he ultimately pursued criminal charges. Therefore, the allegations as presented are insufficient to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed without prepayment of the required filing fees and costs (ECF No. 18) is **DENIED as moot.**

**IT IS FURTHER ORDERED** is **DISMISSED** without prejudice for failure to state a claim.

The Court will issue a separate Order of Dismissal contemporaneously with this Memorandum and Order.

Dated this 4th day of March, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

9